ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MICHAEL JOHN CHAKLOS<br>Recurrido<br><br>v.<br><br>KAREN LOUISE TOOHEY<br>Peticionario | TA2025AP00139 | *Apelación* acogida como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Manatí<br><br>Caso Número: MT2024RF00075<br><br>Sobre: Divorcio (Ruptura Irreparable) |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de agosto de 2025.

Comparece ante nos la señora Karen Louise Toohey (señora Toohey o peticionaria) y nos solicita que revisemos el dictamen emitido el 13 de junio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Manatí (TPI o foro primario)[1] mediante el cual denegó el petitorio de desestimación presentado por la peticionaria y señaló la vista de divorcio por la causal de ruptura irreparable.[2]

Adelantamos que, luego de evaluar el recurso según presentado, resolvemos denegar la expedición del auto de *certiorari*.[3]

### I.

Para una mejor comprensión del caso ante nos, procedemos a resumir asuntos acontecidos previo a la presentación de la causa de epígrafe. El señor Michael John Chaklos (señor Chaklos o recurrido) instó una *Demanda de Divorcio* (caso civil número BY2024RF01048), el 18 de junio de 2024, ante el TPI por la causal

---

[1] SUMAC TPI, Entrada Núm. 42. Notificada el 16 de junio de 2025.
[2] *Íd.,* Entrada Núm. 30. Notificada el 13 de mayo de 2025.
[3] Mediante *Resolución* emitida el 18 de julio de 2025 acogimos el recurso de epígrafe como un *certiorari* por tratarse de una resolución de naturaleza interlocutoria.

de ruptura irreparable del nexo matrimonial entre éste y la señora Toohey, con quien contrajo nupcias en San Clemente, Condado Orange, California, el 17 de abril de 1993.[4] Entre sus comparecencias, la señora Toohey presentó una moción dispositiva por falta de jurisdicción. Entre los fundamentos que expuso para sostener su súplica, indicó que, el 7 de junio de 2024, ella había presentado una demanda de divorcio contra el señor Chaklos ante la Corte Superior del Condado de Orange en California.

Luego de sopesar la referida solicitud, así como la oposición del señor Chaklos, el foro primario ordenó la desestimación de la referida demanda correspondiente al caso civil núm. BY2024RF01048. Insatisfecho, el señor Chaklos acudió ante esta Curia y un panel hermano mediante *Sentencia*, modificó el dictamen apelado a los fines de que éste fuera sin perjuicio.[5] Con posterioridad, el caso iniciado por la señora Toohey, ante el foro estatal de California, fue desestimado el 25 de octubre de 2024, toda vez que, la peticionaria no cumplía con el requisito jurisdiccional de residencia establecido en el ordenamiento jurídico de dicho estado.

Ante este cuadro fáctico, el señor Chaklos, nuevamente, acudió ante el foro judicial en Puerto Rico en búsqueda de remedios. A esos efectos, el 28 de octubre de 2024 incoó la *Demanda de Divorcio* de epígrafe.[6] Adujo que es residente de Puerto Rico y ha vivido en Puerto Rico durante el último año, inmediatamente antes de presentada la demanda y que las partes son padres de dos hijos mayores de edad. Sostuvo que, en el matrimonio existe una ruptura irreparable y permanente de los nexos de convivencia matrimonial. Limitó su súplica al foro primario, a los únicos efectos de que, decretara roto y disuelto el vínculo matrimonial existente con la

---

[4] SUMAC TPI, Entrada Núm. 1 en el recurso núm. BY2024RF01048.
[5] Véase la *Sentencia* emitida el 28 de octubre de 2024 en el recurso núm. KLAN202400880.
[6] SUMAC TPI, Entrada Núm. 1.

señora Toohey. En reacción,[7] el 2 de abril de 2025, la señora Toohey instó una *Solicitud de Desestimación al Amparo de la Doctrina de Forum Non Conveniens*.[8] Citando lo resuelto por el Tribunal Supremo de Puerto Rico en *Ramírez Sainz v. SLG Cabanillas,* 177 DPR 1 (2009), entre otros, alegó que, el foro más adecuado para dirimir el asunto de marras era el tribunal estatal de California, conforme a la doctrina de *forum non conveniens.* En apoyo de lo anterior, adujo que era residente del referido estado y que allí se encontraban la mayoría de los bienes de naturaleza ganancial y las fuentes de prueba para dirimir asuntos relacionados a remedios provisionales *pendente lite.*

En adición, indicó que, el 22 de noviembre de 2024, presentó un pleito de divorcio en contra del señor Chaklos ante el tribunal de California y que dicho foro había adquirido jurisdicción sobre la persona del señor Chaklos, pero aguardaba en espera para que el TPI le cediera la jurisdicción. Arguyó que, el foro judicial de California era el más adecuado para ambas partes dado que, en el referido foro, se podría dilucidar tanto el divorcio como la liquidación de los bienes gananciales dentro del mismo proceso. Sostuvo que, la poca conexión de las controversias con el foro judicial de Puerto Rico y los gastos excesivos a los que se enfrentaría en el manejo de las medidas provisionales *pendente lite,* propiciaban que el foro *a quo* cediera su jurisdicción al foro judicial de California.

Por su parte, el 14 de abril de 2025, el recurrido presentó una *Oposici[ó]n a "Solicitud de Desestimaci[ó]n al Amparo de la Doctrina de Forum Non Conveniens".*[9] En su escrito informó sobre el tracto procesal referente a su primer intento para divorciarse en el caso

---

[7] Tomamos conocimiento que, la peticionaria presentó una *Solicitud de Desestimación Por Falta de Jurisdicción Sobre la Persona* el 14 de enero de 2025 [Entrada Núm. 11 en SUMAC TPI], la cual fue declarada no ha lugar mediante *Resolución* emitida el 11 marzo de 2025 y notificada el 18 de marzo de 2025 [Entrada Núm. 25 en SUMAC TPI].
[8] *Íd.,* Entrada Núm. 26.
[9] *Íd.,* Entrada Núm. 28.

Civil Núm. BY2024RF01048. Además, planteó que, la localización de los bienes gananciales no incidía sobre si el foro primario era el adecuado para atender el pleito, ya que éste versaba únicamente sobre la disolución del matrimonio entre las partes. Afirmó que no era cierto que, la totalidad de los bienes gananciales se encontraran fuera de Puerto Rico. Sobre ello, especificó que solo tres (3) de las diez (10) propiedades a las que se refirió la señora Toohey eran inmuebles que se encontraban sitos en California y el restante se trataba de bienes, (como cuentas bancarias e instrumentos financieros), que ya no existían.

Añadió que, en Puerto Rico existían bienes o contactos suficientes para justificar al TPI como el foro más adecuado. En específico, sostuvo que lleva residiendo en Puerto Rico por más de dos (2) años; que ambas partes poseen un apartamento en Manatí, Puerto Rico; que poseen participaciones en corporaciones puertorriqueñas; que gozan de beneficios contributivos bajo la Ley Núm. 60-2019, mejor conocida como el *Código de Incentivos de Puerto Rico*; y que poseen cuentas bancarias en entidades financieras puertorriqueñas y en Charles Schwab.

Asimismo, esgrimió que la diferencia entre las normas jurídicas de Puerto Rico y California no era un fundamento para sostener la solicitud de la peticionaria, ya que nuestro ordenamiento jurídico le proveía remedios que podían ser igualmente solicitados. Por último, señaló que el foro judicial de California no había asumido jurisdicción en pleito presentado por la señora Toohey ante la existencia de la demanda instada previamente en el tribunal de Puerto Rico.

Evaluado lo anterior, 12 de mayo de 2025, el TPI emitió una *Resolución,*[10] mediante la cual denegó el petitorio de desestimación presentado por la señora Toohey. Resaltó que, ante su consideración

---

[10] SUMAC TPI, Entrada Núm. 30. Notificada el 13 de mayo de 2025.

se encontraba únicamente una demanda de divorcio sin incluir una causa de acción sobre la liquidación de bienes por lo que no aplicaba la doctrina de *forum non conveniens*. Destacó que, en el recurso KLAN202400880, el Tribunal de Apelaciones confirmó la desestimación del primer caso al amparo de la figura de *forum non conveniens*, porque distinto a los hechos de este caso, en aquella ocasión la señora Toohey ya había radicado un pleito con anterioridad en California, entre otros factores. El TPI indicó que el Tribunal de Apelaciones también resolvió que, la desestimación fuera sin perjuicio, para que las partes, pudieran instar nuevamente el pleito ante el foro primario en Puerto Rico de no prosperar el caso instado en el tribunal de California. Determinó que, en cumplimiento del referido mandato judicial, el señor Chaklos acudió nuevamente ante el foro judicial en Puerto Rico el 28 de octubre de 2025, antes de que la señora Toohey instara otra demanda en el tribunal de California un mes después.

Insatisfecha, el 27 de mayo de 2025, la señora Toohey presentó una *Solicitud de Reconsideración y/o Vista Evidenciaria*.[11] Además, la peticionaria presentó un escrito intitulado *Moción en Apoyo a Reconsideración y Exponiendo el Derecho en Relación con la Aplicabilidad y Tratamiento de los Alimentos Pendente Lite: Comparación entre California y Puerto Rico*[12] y una *Solicitud de Alimentos Pendente Lite; Honorarios de Abogados Litis Expensas; y Remedios Proteccionistas del Haber Ganancial como Prohibiciones de Enajenar Inmuebles y Muebles*.[13] En esencia, arguyó que, el TPI tenía un mandato jurisprudencial de celebrar una vista evidenciaria. Asimismo, sostuvo que, el hecho de que el pleito en California se haya presentado con posterioridad al caso de epígrafe no convierte a la jurisdicción de Puerto Rico en la más adecuada, toda vez que,

---

[11] SUMAC TPI, Entrada Núm. 35.
[12] SUMAC TPI, Entrada Núm. 36.
[13] *Íd.,* Entrada Núm. 37.

el criterio rector no es el orden cronológico sino la conveniencia, la justicia y la conexión sustancial con el foro. Por último, solicitó la imposición de honorarios de abogados *litis expensas* y la concesión de alimentos *pendente lite.* Además, solicitó el descubrimiento de prueba sobre los bienes gananciales sitos en California. Asimismo, solicitó que se emitieran remedios provisionales para mantener el caudal ganancial, como órdenes de prohibición de enajenar bienes para ser registradas en California.

Mediante su *Oposición a Entradas 35 y 36 de SUMAC*[14] el señor Chaklos, esencialmente, arguyó que la doctrina de *forum non conveniens* está sujeta a la discreción del tribunal, por lo que éste no viene obligado a celebrar una vista para dilucidar sus méritos, si de la totalidad del expediente, el foro judicial tiene base suficiente para determinar su inaplicabilidad. Asimismo, destacó que la dilucidación, únicamente del pleito de divorcio por ruptura irreparable en Puerto Rico, no afecta a la señora Toohey en los asuntos sobre liquidación de los bienes gananciales y sus derechos como excónyuge. Ello, por entender que dicha causal no está ante la consideración del foro primario. Además, esgrimió que el TPI tenía facultad para imponer remedios provisionales como alimentos excónyuge, aun si el alimentista reside en otro estado o jurisdicción. Por último, indicó que, el hecho de que la peticionaria considerara más beneficioso el derecho aplicable en California no era un fundamento para solicitar la desestimación del caso, sino que constituye "forum shopping."

Justipreciado lo anterior, el foro primario denegó la solicitud de reconsideración y ordenó la celebración de la vista sobre el divorcio mediante una *Resolución Interlocutoria* notificada el 13 de junio de 2025.[15]

---

[14] SUMAC TPI, Entrada Núm. 41.
[15] SUMAC TPI, Entrada Núm. 42. Notificada el 16 de junio de 2025.

Aún inconforme, la señora Toohey acude ante nos y señala la comisión de los siguientes errores:

1. ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN AL DENEGAR EL ABSTENERSE DE EJERCER SU JURISDICCIÓN BAJO LA DOCTRINA DE *FORUM-NON-CONVENIENS* CUANDO LA EVALUACIÓN DE LOS CRITERIOS PERTINENTES Y LA DETERMINACIÓN PREVIA DEL TRIBUNAL DE APELACIONES CONCLUYÓ QUE EL FORO MÁS ADECUADO Y EL QUE TENÍA MAYOR VÍNCULO CON LA CONTROVERSIA ENTRE LAS PATES ERA EL TRIBUNAL DE CALIFORNIA, USA.

2. ERRÓ EL TPI AL NO CUMPLIR CON LA DIRECTRIZ QUE LE OBLIGA A DETALLAR EN SU DICTAMEN CÓMO HA APLICADO EL ANÁLISIS ADOPTADO POR NUESTRO TRIBUNAL SUPREMO EN *RAMÍREZ SAINZ V. S.L.G. CABANILLAS*, A LOS HECHOS PARTICULARES DEL CASO ANTE SU CONSIDERACIÓN.

3. ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN AL NO CELEBRAR UNA VISTA EVIDENCIARIA A LOS EFECTOS DE QUE LAS PARTES PUDIERAN PRESENTAR PRUEBA ADMISIBLE Y PERTINENTE SOBRE LOS CRITERIOS PARA LA APLICACIÓN DE LA DOCTRINA DE *FORUM-NON-CONVENIENS*, *EN CONTRA DE LA NORMATIVA APLICABLE SOBRE EL PARTICULAR.*

Por su parte, el 29 de julio de 2025, el señor Chaklos comparece mediante un *Memorando en Oposición a la Expedición del Auto,* por lo que, con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A. *Certiorari.***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro

apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá "cuando se recurra de una orden o resolución al amparo de las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria de una moción de carácter dispositivo. Sin embargo, por excepción, el foro apelativo intermedio podrá revisar una orden o resolución interlocutoria dictada por el tribunal de instancia cuando se recurra de la determinación en un caso de relaciones de familia, entre otros." (Nota omitida.) *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La citada Regla dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio, no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida como la etapa del procedimiento en la cual fue presentada. Lo anterior, a los fines de determinar si es la más apropiada para intervenir sin ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

Es norma reiterada que, el foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen que emitió el foro de instancia es abitrario o constituye un exceso de discreción. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

**III.**

En el recurso ante nuestra consideración, la peticionaria solicita la revocación del dictamen mediante el cual el foro primario denegó la solicitud de desestimación de la causa de epígrafe.

Hemos analizado el recurso según presentado y en consideración de la normativa jurídica antes discutida, resolvemos que no corresponde ejercer nuestra discreción para expedir el auto de *certiorari* y variar la determinación del foro *a quo*.

De un examen de la determinación recurrida surge que, el TPI consideró las posturas de las partes y, en particular destacó que, en este caso, el señor Chaklos, siguiendo el mandato del Tribunal de Apelaciones, una vez el tribunal de California desestimó el pleito de la recurrida, volvió a presentar su demanda de divorcio por ruptura irreparable ante el foro primario en Puerto Rico. Además, consignó que, ninguna de las partes ha solicitado liquidación de bienes gananciales en este caso que, fue instado primero por el señor Chaklos como un segundo intento para lograr la disolución de su vínculo matrimonial con la peticionaria, por lo que rechazó los argumentos atinentes a la doctrina de *fórum non conveniens*. Tampoco surge objeción del señor Chaklos a que el foro primario atienda los asuntos de remedios provisionales como alimentos exconyuge. Ante ello, el TPI concluyó que, no procedía el petitorio dispositivo de la señora Toohey según presentado y ordenó la celebración de la vista de divorcio.[16]

Conforme adelantamos, solo procede variar el dictamen del foro primario si se desprende prejuicio, parcialidad, error manifiesto o abuso en el ejercicio de su facultad discrecional. Al ejercer nuestro rol revisor, no identificamos ninguna de las instancias detalladas en la Regla 40 de nuestro Reglamento, *supra*, que justifique acceder a lo que se solicita. Por consiguiente, resolvemos abstenernos de

---

[16] Entrada Núm.44.

intervenir con el dictamen recurrido. En adición, es preciso resaltar que, tomando en consideración la totalidad del cuadro fáctico reseñado, colegimos que la peticionaria no ha señalado ninguna circunstancia conforme al tracto procesal correspondiente a la causa, que podría constituir un fracaso irremediable a la justicia.

Consecuentemente, procede abstenernos de intervenir en el presente recurso según instado.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari*. En aras de garantizar mayor agilidad y economía procesal, devolvemos el caso ante Tribunal de Primera Instancia para la continuación de los procedimientos de rigor conforme lo aquí resuelto, sin necesidad de aguardar por la expedición del correspondiente mandato.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones